IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTONIO CABALLERO, § § **Judgment Creditor & Garnishor,** § § VS. § § **FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA** a/k/a FARC-EP a/k/a **REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DEL VALLE CARTEL,** § § **Judgment Debtors.** § § VS. § § HJ BAKER SULPHUR LLC, § § **Garnishee.** | CASE NO. 4:21-CV-00913 |

## ANTONIO CABALLERO'S MOTION TO REMAND

TO THE HONORABLE DISTRICT JUDGE:

Pursuant to 28 U.S.C. § 1447(c), Judgment Creditor Antonio Caballero hereby files this Motion to Remand this case to the state court from which it was removed, respectfully showing the Court as follows:

### II.  NATURE & STAGE OF PROCEEDING & STATEMENT OF FACTS

1. Antonio Caballero is an American citizen who, in Case No. 1:18-CV-25337-KMM; *Antonio Caballero v. FARC, et al*; In the United States District Court for the Southern District of Florida, obtained a judgment ("Final Judgment") in the amount of $46,729,667.00

1

under the ANTI-TERRORISM ACT, 18 U.S.C. § 2333(e) ("ATA"), against two terrorist organizations, including Fuerzas Armadas Revolucionarias de Colombia ("FARC"). The judgment amount was trebled per the ATA.

2. Section § 201(a) of the TERRORISM RISK INSURANCE ACT ("TRIA") is a statute that authorizes a judgment creditor such as Caballero to satisfy an ATA judgment by garnishing assets of an "agency or instrumentality" of a terrorist party judgment debtor whose assets have been blocked by the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC").

3. The assets of Petroleos de Venezuela ("PdVSA"), the Venezuelan state-owned oil company, were blocked by OFAC on January 28, 2019 pursuant to Executive Order 13850. PdVSA has been declared by numerous courts to be an "agent or instrumentality" of FARC pursuant to § 201(a) of TRIA.

4. On September 23, 2020, Caballero registered the Southern District of Florida Final Judgment in this Court, in Case No. 4:20-MC-02719. Case No. 4:20-MC-02719 is the first-filed of several cases in the Southern District of Texas involving Caballero, judgment debtors and PdVSA. A motion to consolidate all such cases into this Court is pending in Case No. 4:20-MC-02719. [Dkt. #8].

5. On September 28, 2020, Caballero also registered the Final Judgment in the State Court. As related to this motion, Caballero then filed a post-judgment garnishment proceeding, Cause No. 20-12-15428; *Antonio Caballero v. FARC, et al v. HJ Baker Sulphur LLC*; In the District Courts of Montgomery County, Texas, 284th Judicial District ("this case").

6. A writ of garnishment was issued to HJ Baker Sulphur LLC ("Garnishee") who answered that it held $553,835.57 in assets belonging to PdVSA. Caballero and Garnishee entered into an agreed judgment under which Garnishee was to pay the garnished funds to Caballero. On January 15, 2021, the State Court entered that judgment in this case. Ex. 1, Judgment in Garnishment. The judgment in this case became final, non-appealable and was no longer "pending" on February 14, 2021.

7. On March 19, 2021, PdVSA filed a notice of removal that removed this case from state court to this Court.

## II.   STATEMENT OF THE ISSUES

8. The issue in this case is whether the Court has removal jurisdiction over a state court case in which a final, non-appealable judgment has been entered.

## III.   APPLICABLE LAW & STANDARDS

9. A defendant may remove an action from state to federal court under 28 U.S.C. § 1441(a) only when the federal court has original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In evaluating "whether jurisdiction is present for removal, [a court must] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Property & Casualty*, 276 F.3d 720, 723 (5th Cir. 2002). A court must also "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root*, 200 F.3d 335 (5th Cir. 2000).

10. A motion to remand on the basis that the court lacks subject matter jurisdiction is reviewed *de novo* on appeal. *Preston v. Tenet Healthsystem Memorial Med. Center*, 485 F.3d 793, 796 (5th Cir. 2007).

## IV. ARGUMENT & AUTHORITIES

A. **THE STATE COURT CASE WAS NOT "PENDING" AT THE TIME OF REMOVAL**

11. The source of removal jurisdiction is 28 U.S.C. § 1441(a), which provides in relevant part that any civil action brought in a state court in which the federal courts would have original jurisdiction may be "removed to the district court of the United States for the district and division embracing the place where such action ***is pending***." (Emphasis added). Because this case became final and non-appealable on February 14, 2021 it was not "pending" on March 19, 2021, the date on which PdVSA removed it to this Court. In other words, there is no live case or controversy between the parties. PdVSA is effectively asking the district court to act as an appellate court for the purpose of vacating the state court's judgment. The Court obviously does not have appellate jurisdiction such that it could undo the state court's judgment.

12. The Fifth Circuit has made explicitly clear that "[r]emoval is simply not possible after a final judgment and the time for direct appellate review has run." *Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011). The Court lacks jurisdiction under 28 U.S.C. § 1441(a) and must remand the case.

## V. <u>CONCLUSION</u>

13. Because this case was not "pending" at the time it was removed from state court, and because there is no live case or controversy between the parties, the Court lacks subject matter jurisdiction and should remand the case to the state court from which it was removed.

Judgment Creditor Antonio Caballero respectfully requests that the Court grant this motion, remand this case to the state court from which it was removed, award to Caballero reasonable and necessary attorney's fees incurred in the preparation of this motion, and grant to Caballero all other relief to which he may be entitled.

Respectfully Submitted,

<u>/s/ *Hank Fasthoff*</u>
Hank Fasthoff
FASTHOFF LAW FIRM PLLC
Texas Bar No. 24003510
Federal Bar No. 22959
21 Waterway Ave., Suite 300
The Woodlands, Texas 77380
 (Tel) 713.929.9314
hank@fasthofflawfirm.com

<u>*/s/ Joseph Zumpano*</u>
Joseph Zumpano
Florida Bar Number: 0056091
jzumpano@zplaw.com
(Admitted Pro Hac Vice)
Leon Patricios
Florida Bar Number: 0012777
lpatricios@zplaw.com
(Admitted Pro Hac Vice)
ZUMPANO PATRICIOS, P.A.
312 Minorca Avenue
Coral Gables, FL 33134
Telephone: (305) 444-5565

***Attorneys for Judgment Creditor***

*Antonio Caballero*

## WORD COUNT CERTIFICATE

I hereby certify that this document contains 846 words, excluding case caption, table of contents, table of authorities, signature block, and certificates.

/s/ *Hank Fasthoff*
Hank Fasthoff

## CERTIFICATE OF SERVICE

I hereby certify that I served true and correct copies of the foregoing document upon all parties and counsel of record through the Court's electronic filing system on April 12, 2021.

/s/ *Hank Fasthoff*
Hank Fasthoff