UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTONIO CABALLERO,

    Plaintiff,

v.

PETRÓLEOS DE VENEZUELA, S.A.,

    Defendant-Respondent.

No. 4:21-CV-00913

**DEFENDANT-RESPONDENT PETRÓLEOS DE VENEZUELA, S.A.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Petróleos de Venezuela, S.A. ("PDVSA"), Venezuela's wholly owned national oil company, hereby submits its Opposition to Plaintiff Caballero's Motion to Remand, and states as follows:

1. The Motion to Remand lacks any merit in view of binding Fifth Circuit precedent that Plaintiff fails to bring to this Court's attention. *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298 (5th Cir. 2014). *Thompson* demonstrates that a judgment, void for lack of jurisdiction due to ineffective service, can always be removed if a federal basis exists for removal, as is the case here. *Id.* at 304.

2. Specifically, the Fifth Circuit in *Thompson* affirmed the denial of the plaintiffs' motion to remand an action that had reached final judgment in the Texas state court in circumstances similar to those before this Court. *Id.* at 303. The Fifth Circuit also affirmed vacatur of the default judgment as void for lack of jurisdiction under Rule 60(b)(4) of the Federal Rules of Civil Procedure for insufficient service of process. *Id.* at 306; *see also Republic of Sudan v. Harrison*, 139 S. Ct. 1048 (2019) (overturning default judgment

years after its entry — in the context of TRIA enforcement proceedings — due to ineffective service under the Foreign Sovereign Immunities Act); *Magness v. Russian Fed'n*, 247 F.3d 609, 619 (5th Cir. 2001) (same).

3. In *Thompson*, the defendant removed the state court action over four months after the state court had entered a default judgment. *Thompson* 775 F.3d at 302. The Fifth Circuit upheld the defendant's removal where plaintiffs had failed to properly serve defendant with the complaint and therefore defendant's time to remove under 28 U.S.C. § 1441(b)(1) had not begun to run. *Id*. at 304.

4. Citing U.S. Supreme Court law, the Fifth Circuit made abundantly clear that "a defendant's right to removal runs from the date on which it is formally served." *Id.* at 302 (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (upholding removal by a foreign-state third-party defendant who had not yet been served in the state court action). Thus, the defendant's removal after it learned of the action was timely and proper. And, like the case here, there was no dispute in *Thompson* that the federal court had original jurisdiction over the action. 775 F.3d at 304.

5. The Fifth Circuit in *Thompson* specifically distinguished *Oviedo v. Hallbauer*, 655 F.3d 419 (5th Cir. 2011), the solitary case upon which Plaintiff relies (Mot. ¶ 12). The Fifth Circuit held that "*Oviedo* involved significantly different and consequential facts from those presented" in *Thompson* because unlike the intervenor in *Oviedo*, the defendant in *Thompson* "neither appeared nor participated in the state court litigation" because the defendant "was not properly served." 775 F.3d at 305. The same

2

is true here: PDVSA was not properly served and neither "appeared nor participated in the state court litigation." *Id.*

6. Indeed, Plaintiff does not (and cannot) dispute that he failed to serve PDVSA in compliance with § 1608 of the FSIA, 28 U.S.C. § 1608. As set forth in detail in PDVSA's Notice of Removal (ECF No. 1, ¶¶ 9-10), as an undisputed agency or instrumentality of a foreign state, PDVSA must be served in accordance with one of the exclusive service methods listed in § 1608(b) in a hierarchical order. *See Magness*, 247 F.3d at 613 (stating that the service provisions under § 1608 "are hierarchical, such that that a plaintiff must attempt the methods of service in the order they are laid out in the statute"). Plaintiff attempted none of these methods.

7. Instead, Plaintiff mailed the writ of garnishment to an address allegedly associated with PDVSA in Caracas, Venezuela. *See* ECF No. 1-2, at 17-18. Despite mailing being an option of last resort under § 1608(b)(3), Plaintiff's purported service by mail is facially deficient, as it reflects no evidence that the service package was dispatched by the clerk of court, translated into Spanish, or required a signed return receipt. *See* 28 U.S.C. §§ 1608(b)(1)-(3), 1608(b)(3)(B). Nor was it "reasonably calculated to give actual notice" to PDVSA, as it was directed to a location where none of PDVSA's authorized corporate representatives could be found. Plaintiff also never filed a return of service for PDVSA, which never received actual notice of this matter. 28 U.S.C. § 1608(c)(2) (providing that service shall be deemed to have been made "as of the date of receipt indicated in the certification, signed and returned postal receipt").

8. Having not achieved proper service under the FSIA in the action he seeks to

remand, Plaintiff understandably does not argue that removal was untimely. Rather, he argues only that the action must be "pending" to qualify for § 1441(a) removal, but *Thompson* dictates that if service was never effected, naturally the action *is* pending.

9. Plaintiff also does not (and cannot) dispute that service of an enforcement action against a foreign state's property is required pursuant to the terms of § 1608. Indeed, the Fifth Circuit has held that the FSIA applies in garnishment proceedings involving property in which an agency or instrumentality has an interest. *Arriba, Ltd. v. Petróleos Mexicanos*, 962 F.2d 528, 532 (5th Cir. 1992) (concluding Arriba had no basis for FSIA jurisdiction over garnishee state-oil company Pemex where default judgment was not against Pemex) (quoting *Stena Rederi AB v. Comision de Contratos del Comite Ejecutivo Gen. del Sindicato Revolucionario de Trabajadores Petroleros de la Republica Mexicana*, 923 F.2d 380, 393 (5th Cir. 1991) (concluding that "district court's exercise of quasi in rem jurisdiction through writ of garnishment against Pemex was erroneous")). The Fifth Circuit's holdings make perfect sense because, under the FSIA, like the foreign sovereign itself, agencies and instrumentalities and their property are presumptively immune from the jurisdiction of U.S. courts unless an exception to that immunity applies. *See* 28 U.S.C. §§ 1604, 1609. Thus, unless Plaintiff effected proper service under § 1608(b) (he did not) and established an exception to PDVSA's and its property's immunity (he did not), the state court lacked subject-matter and personal jurisdiction over the action against PDVSA and PDVSA's property. PDVSA will brief these, and other defenses, in detail in a motion to vacate the turnover judgment.

10. Plaintiff also does not (and cannot) dispute that, as an agency or

instrumentality of a foreign state, PDVSA has the right to remove under 28 U.S.C. § 1441(a) and (d), given that this Court has original jurisdiction in FSIA actions. 28 U.S.C. §§ 1330(a), 1331; *see also* 28 U.S.C. § 1441(d) (permitting enlargement of time for foreign states to remove cases "at any time for cause shown"); *Arriba, Ltd.*, 962 F.2d at 532 (recognizing right of Mexico's national oil company to remove garnishment action to federal court and dismissing action for lack of FSIA jurisdiction); *Nat'l Union Fire Ins. Co. v. People's Republic of Congo*, 2005 U.S. Dist. LEXIS 6206, at *12-13 (N.D. Tex. Apr. 8, 2005) (denying remand of garnishment action involving final state court judgment and writs against foreign state's property); *FG Hemisphere Assocs. v. Republique Du Congo*, 2002 U.S. Dist. LEXIS 27760, at *3-4 (S.D. Tex. Nov. 19, 2002) (finding removal of enforcement action proper and dissolving state court writs for lack of jurisdiction).

11. Finally, to the extent that Plaintiff's word play on § 1441's use of the word "pending" has any merit (it does not), *Thompson* further dispels it. *Thompson* makes clear that the state court action was still "pending" upon PDVSA's removal on March 19, 2021, because PDVSA had the right to file a restricted appeal under Texas state law within six months of the entry of the (defective) judgment on January 15, 2021 (Mot. ¶ 6). 775 F.3d at 305 (finding that defendant who never appeared in removed Texas state court action "was entitled to file a restricted appeal in the state court within six months of entry of the judgment") (citing Tex. R. App. Proc. 30; Tex. R. App. Proc. 26.1(c)).

12. In sum, PDVSA timely and properly removed the state court action given that (i) PDVSA was not served under § 1608(b) of the FSIA, and its time to remove therefore never began to run, and (ii) there is no question that PDVSA had the right to

remove the state court action even after entry of judgment where service was ineffective.

13. PDVSA expressly preserves its rights, privileges, immunities, and other defenses including under the FSIA and the U.S. Constitution, which it intends to raise in its motion to vacate the turnover judgment.

## CONCLUSION

For the foregoing reasons, PDVSA respectfully requests that the Court deny Plaintiff's Motion to Remand.

Dated: May 7, 2021

Respectfully submitted,

**WHITE & CASE**

By:*/s/ Michael Rodgers*
Michael Rodgers
*Attorney-in-Charge*
Texas State Bar No. 24095114
S.D. Tex. Bar No. 2638667
michael.rodgers@whitecase.com
White & Case LLP
609 Main Street
Suite 2900
Houston, Texas 77002
tel.: (713) 496-9700
fax: (713) 496-9701

Nicole Erb
Claire A. DeLelle
Timothy L. Wilson, Jr.
*Of Counsel*
nerb@whitecase.com
claire.delelle@whitecase.com
timothy.wilson@whtecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C., 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel for Petróleos de Venezuela, S.A.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served through the Court's electronic filing system and on the following parties and counsel of record, on May 7, 2021, via email at the following addresses:

Christina M. Carroll
*Dorsey & Whitney*
300 Crescent Court
Suite 400
Dallas, TX 75201
carroll.christina@dorsey.com

*Counsel for Garnishee,*
*H.J. Baker Sulphur, LLC*

/s/ *Michael Rodgers*

## CERTIFICATE OF WORD COUNT

I hereby certify that this document contains 1456 words, excluding case caption, table of contents, table of authorities, signature block, and certificates.

/s/ *Michael Rodgers*